IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHARLES LAYMON COX, | § | |
| a.k.a. CHARLES LAYMAN COX, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:16-CV-767-O |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Charles Laymon Cox, a.k.a. Charles Layman Cox, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time-barred.

**I. BACKGROUND**

In March 1997, in the 213th Judicial District Court, Tarrant County, Texas, Case No. 0647447D, Petitioner was indicted on two counts of aggravated sexual assault of a child and one count of indecency with a child. SHR03 243, ECF No. 21-19.[1] On April 27, 1998, pursuant to a plea agreement, Petitioner pleaded guilty or nolo contendere to one count of aggravated sexual assault of a child and the trial court deferred a finding of guilt and placed Petitioner on seven years' deferred adjudication community supervision. *Id.* at 244-48. Petitioner did not appeal the judgment of deferred adjudication. On October 4, 2007, after a hearing, the trial court adjudicated Petitioner's

---

[1]"SHR03" refers to the record of Petitioner's state habeas proceeding in WR-78,951-03.

guilt based on various violations of his community supervision and assessed his punishment at 65 years' confinement in TDCJ. *Id.* at 259. Petitioner appealed the judgment adjudicating guilt, but the Second District Court of Appeals of Texas affirmed the judgment and, on February 4, 2009, the Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review. Docket Sheet 1, ECF No. 20-2. Petitioner did not seek writ of certiorari. Pet. 3, ECF No. 1. Petitioner also filed a state habeas-corpus application challenging the judgment adjudicating guilt on April 17, 2011, which was denied by the Texas Court of Criminal Appeals on September 17, 2014, without written order on the findings of the trial court.[2] SHR03 15 & Action Taken, ECF Nos. 21-18 & 21-5. This federal habeas petition was filed on August 11, 2016.[3] Pet. 6, ECF No. 1. Petitioner seeks release and monetary damages.[4] *Id.* at 7.

In two grounds, Petitioner argues that (1) the trial court lacked jurisdiction to enter judgment in both the original plea proceeding and in the proceeding adjudicating guilt, and (2) he was denied due process during the proceeding adjudicating guilt. *Id.* at 6; Pet'r's Mem. 4-8, 12-16, ECF No. 2; Pet'r's Traverse 5, ECF No. 22. Respondent contends the petition is untimely under the federal one-year statute of limitations in 28 U.S.C. § 2244(d)(1). Resp't's Preliminary Resp. 5-10, ECF No. 19.

## II. LEGAL DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), imposes a one-

---

[2]A habeas petitioner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Although the application does not state the date Petitioner placed the document in TDCJ's mailing system, the "Inmate's Declaration" was signed on August 17, 2011. For purposes of this opinion, the application is deemed filed on that date.

[3]A prisoner's pro se federal habeas petition is also deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Petitioner asserts that he placed his petition in TDCJ's mailing system on August 11, 2016. Pet. 10, ECF No. 1. As such, the petition is deemed filed on that date.

[4]To the extent Petitioner alleges civil rights violation and/or seeks monetary damages, such claims are properly raised in a complaint under 42 U.S.C. § 1983.

2

year statute of limitations for filing a petition for federal habeas corpus by a person in state custody. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

To the extent Petitioner challenges the trial court's jurisdiction relevant to the 1998 plea proceeding, the one-year limitations period began to run under subsection (A), applicable in this case, on the date the judgment deferring adjudication became final upon expiration of the time that he had for filing a notice of appeal on May 27, 1998, and expired one year later on May 27, 1999, absent any tolling. *See Caldwell v. Dretke*, 429 F.3d 521, 530 (5th Cir. 2005). Petitioner's postconviction state habeas application filed on August 17, 2011, after the limitations period had already expired, did not operate to toll the limitations period for purposes of § 2244(d)(2). *Scott v.*

3

*Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Thus, the petition as to any such claim is time-barred unless equitable tolling is justified.

To the extent petitioner's challenges the trial court's jurisdiction and the procedures relevant to the adjudication proceedings, the one-year limitations period began to run on the date the judgment adjudicating guilt became final upon expiration of the time that Petitioner had for filing a petition for writ of certiorari in the United States Supreme Court on May 5, 2009, and expired one year later on May 5, 2010, absent any tolling. *See Jimenez v. Quarterman*, 555 U.S. 113, 129 (2009); SUP. CT. R. 13.1. Petitioner's postconviction state habeas application, filed on August 17, 2011, after the limitations period had already expired, did not operate to toll the limitations period for purposes of § 2244(d)(2). *Scott*, 227 F.3d at 263. Thus, the petition as to any such claims is time-barred unless equitable tolling is justified.

Equitable tolling is permitted only in rare and exceptional circumstances when, although pursuing his rights diligently, an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner or he can prove that he is actually innocent of the crime(s) for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). First, Petitioner asserts that the statute of limitations is not applicable in this case because "[j]urisdiction may always be collaterally attacked." Pet'r's Traverse 5, ECF No. 22. However, this rule has no application to federal habeas proceedings challenging a state criminal conviction. Although a petitioner's claim that a judgment is void for lack of jurisdiction may provide a basis for habeas relief if proven, it provides no basis for statutorily or equitably tolling the AEDPA limitations period under either existing case law or provisions of the federal statute itself. *See Dodd v. United States,* 545 U.S. 353, 357 (2005) (when text unequivocally identifies date from which

one-year limitation period is measured, it must be presumed that statute means what it says); *Mayle v. Felix,* 545 U.S. 644, 654 (2005) (discrete set of rules apply to federal habeas actions launched by state prisoners and Federal Rules of Civil Procedure apply to the extent they are not inconsistent with any statutory provisions or the habeas rules); *United States v. Scruggs,* 691 F.3d 660, 666 (5th Cir. 2012) (jurisdictional claims are subject to the one-year limitations period in § 2255 cases); *Chelf v. Thaler,* No. 4:12-CV-433-A, 2012 WL 6719467, at *2 (N.D.Tex. Dec. 27, 2012) (jurisdictional claims are subject to the one-year limitations period in § 2254 cases).

Second, Petitioner attributes his delay to his pro se status, unfamiliarity with the law, and limited access to the prison's law library. Pet. 9, ECF No. 1; Pet'r's Mem. 4, ECF No. 22; Pet'r's Traverse 7, ECF No. 22. However, these are common problems for inmates seeking postconviction habeas relief. *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999); *Madis v. Edwards,* 347 Fed. App'x 106, 2009 WL 3150322, at *2 (5th Cir. Oct. 1, 2009). Petitioner also attributes his delay to the Texas Court of Criminal Appeals's failure to notify him of its ruling on his state habeas application, which he learned of on April 25, 2016. Pet'r's Traverse 4, ECF No. 22. However, the delay is irrelevant in this case as Petitioner's state habeas application was filed after limitations had already expired. Petitioner fails to establish that an extraordinary factor beyond his control prevented him from filing a timely federal petition or to assert and present a credible claim of actual innocence. Therefore, equitable tolling is not justified.

Accordingly, Petitioner's federal petition as it relates to the judgment deferring adjudication was due on before May 27, 1999; thus, his petition filed on August 11, 2016, is untimely. Petitioner's federal petition as it relates to the judgment adjudicating guilt was due on or before May

5, 2010; thus, his petition filed on August 11, 2016, is untimely.

## III. CONCLUSION

For the reasons discussed herein, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DISMISSED as time-barred. Further, for the reasons discussed herein, a certificate of appealability is DENIED.

**SO ORDERED** on this 8th day of June, 2018.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**